**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SUSAN OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-160-AZ |
| | ) | |
| MEIJER STORES LP, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint and to Remand [DE 6], filed on April 29, 2026. On May 12, 2026, Defendant filed a response in opposition to the motion. DE 8. On June 17, 2026, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). DE 13. For the reasons discussed, Plaintiff's motion will be denied as the proposed amendment would be futile and because Plaintiff cannot defeat federal diversity jurisdiction by naming a non-diverse defendant against whom no liability could attach.

**Background**

This is a personal injury case in which Plaintiff alleges she slipped and fell at a store operated by Defendant Meijer Stores LP ("Meijer"). She originally filed this case in Indiana Superior Court on March 6, 2026. DE 4. On April 10, 2026, Defendants Meijer, "John Doe Store Manager" and "John Doe Store Employee" timely removed this case to federal court on the basis that there was federal diversity

jurisdiction, *see* 28 U.S.C. § 1332(a), and the case was otherwise properly removable. DE 1. Specifically, Defendant Meijer stated it was a citizen of Michigan and that Plaintiff was a citizen of Indiana. *Id.* The citizenship of the anonymous or fictious "John Doe" Defendants was not pled.

On April 29, Plaintiff filed the instant motion, asking that the Court allow her leave to amend her Complaint to replace Defendant "John Doe Store Manager" with Joel Gloden, who she alleges was the store manager (Meijer calls them Store Directors) at the time of her fall and whose identity Plaintiff says was not known when she filed this lawsuit. DE 6 at ¶ 4. Furthermore, Plaintiff's proposed Amended Complaint alleges that Gloden is a citizen of Indiana just like her. Consequently, Plaintiff has moved the Court to remand this case back to Indiana Superior Court because if Gloden is added as a Defendant, there is not complete diversity between the parties and the Court lacks subject matter jurisdiction over the case.

**Discussion**

This case remains in its early stages and no scheduling order pursuant to Rule 16(b) has been entered. No deadline to seek leave to amend the pleadings has passed because none has been set. Federal Rule of Civil Procedure 15(a)(2) mandates that in such circumstances, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[a]s a general rule, district courts should liberally grant leave to amend pleadings." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 854 (7th Cir. 2017); *see also Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008)

("By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits."). Leave to amend may be denied, however, "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

Plaintiff's proposed amended complaint looks to add a new party to the lawsuit (or rather replace a fictious John Doe with a real Defendant). Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties. Fed. R. Civ. Pro 20. It requires that for joinder to be proper, the allegations must arise out of the same transactions or occurrences and involve any common question of law and fact. *Id.* That is easily satisfied here given that Plaintiff is seeking to substitute Golden for a John Doe Defendant but otherwise keep the complaint substantively the same. In other words, everything relates to the same fall at Meijer's store which occurred on April 28, 2025.

With respect to Plaintiff's simultaneous request to remand this case back to the state court, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In deciding how to approach the issue, the Court looks at four factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). This is in line with the general notion (embodied within the "fraudulent joinder" doctrine[1]) that "[a] plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur*, 577 F.3d at 763. Conceptually speaking, that means that if the Court were to deny leave to amend on futility grounds, then there would be no basis to consider remand because the parties would remain diverse.

The analytical framework is further complicated by a history of plaintiffs in Indiana voiding federal jurisdiction in premises liability and negligence cases by adding a non-diverse employee acting in the scope of their employment and with no personal involvement in plaintiff's accident to their lawsuit against a diverse storeowner or retailer. The prior history of "federal apathy towards the joinder of big box store managers"—what some judges saw as a result of an unsettled issue of

[1] The fraudulent joinder doctrine "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur*, 577 F.3d 752, 763 (7th Cir. 2009) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). As the Seventh Circuit explained, the doctrine "is not *dispositive* of whether joinder is improper" in circumstances like this, "it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party." *Id.* at 764 (emphasis in original).

Indiana law but what another judge aptly called a "frustrating" "collective federal shrug" in the face of it—is well documented. *See Branscomb v. Wal-Mart Stores East, LP*, 2020 WL 4501768, at *1, *4-*5 (N.D. Ind. Aug. 5, 2020) ("*Branscomb I*"). This previously led to many personal injury cases against non-resident retailers to be remanded back to state court on what this Court agrees was a rather tenuous basis. *Id.* at *1 (collecting cases).

More recently, in response to a certified question pursuant to Ind. App. R. 64(B)[2], the Indiana Supreme Court held that when a general manager is not alleged to have had any personal involvement or direct role in a plaintiff's alleged injury, there can be no liability against the store manager because the general manager owes no legal duty to a plaintiff in those circumstances. *Branscomb v. Wal-Mart Stores E., L.P.,* 165 N.E.3d 982, 988 (Ind. 2021) ("*Branscomb II*") ("[W]e answer the certified question in the negative and hold that when there are no allegations that a store manager controlled the premises where the harm occurred, he or she cannot be held liable under Indiana law."). Since then, courts in the Northern District of Indiana have dismissed store managers in cases similar to this one and not allowed plaintiffs to remand cases to Indiana Superior Court where there are no allegations that a store manager (as opposed to the store itself) controlled the premises. *E.g.*, *Broderick v.*

[2] The Northern District of Indiana certified the following question to the Indiana Supreme Court: "May a plaintiff bring a claim in negligence against a store manager, not directly involved in the plaintiff's accident, based on a delegation of the premises owner's duties toward invitees, Indiana agency law, or any other legal principle? If so, what is the scope of that duty?" *Branscomb*, 2020 WL 4501768, at *8 *certified question accepted,* 151 N.E.3d 226 (Ind. 2020), and *certified question answered sub nom. Branscomb v. Wal-Mart Stores E., L.P.,* 165 N.E.3d 982 (Ind. 2021).

*Wal-Mart Stores, Inc.*. 2022 WL 22983520 (N.D. Ind. May 4, 2022); *Andrade v. Speedway LLC*, 2024 WL 4707970 (N.D. Ind. Nov. 7, 2024).

This case presents an added wrinkle that was not present in *Branscomb I*, *Broderick*, or *Andrade*. When Plaintiff originally filed her lawsuit in Indiana Superior Court, she sued two John Does, an unnamed store manager and an unnamed store employee. *See* DE 1. Indiana Superior Courts allow plaintiffs to sue "John Doe" defendants as placeholders and then later amend their pleading once their name is learned. Ind. T.R. 17(F) ("When the name or existence of a person is unknown, he may be named as an unknown party, and when his true name is discovered his name may be inserted by amendment at any time."). Federal courts do not operate the same way, and instead, they disregard such placeholder defendants. "[I]t is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up); *Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985) (suing anonymous or John or Jane Doe defendants "is viewed with disfavor"). *See also LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 562–63 (7th Cir. 2026) (explaining how a conscious choice to name John Doe defendants does not constitute a "mistake" within the meaning of Fed. R. Civ. Pro. 15(c)). Now that this case has been removed (and notably Plaintiff did not challenge removal initially), it "'proceeds as if it had been originally brought in federal court' and the federal rules of civil procedure become controlling."

*Warner v. Allen Cnty. Sheriff*, 2025 WL 1370026, at *6, n.1 (N.D. Ind. May 9, 2025) (quoting *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)).

This explanation—or exercise in judicial throat clearing—is simply to point out that, procedurally, the existence of a John Doe defendant in a federal case is meaningless, and thus Plaintiff's instant motion seeks to add a new individual defendant (as opposed to substituting a pre-existing defendant) to this case. But as a practical matter, this does not impact the analysis in any meaningful way. Whether the Court denies leave to amend because the claims against Golden are futile or because it would be impermissible to allow Plaintiff to void the Court's jurisdiction by adding a party solely to destroy the basis for diversity jurisdiction, the result is the same: Plaintiff in this case can proceed only against the owner of the store in which she fell.

On the substance of Plaintiff's proposed negligence claim against Golden, Plaintiff fails to adequately state a claim under Indiana law which would survive a motion to dismiss. That is the definition of a futile claim which the Court need not grant leave to pursue. *Gandhi*, 721 F.3d at 869.

In the proposed amended complaint, Plaintiff pleads a single count for negligence against Meijer, Golden, and the unnamed other employee. DE 6-1 at 2. But there is no allegation in the proposed amended complaint relating to any particular action taken or not taken by Golden which may have caused Plaintiff's fall. Plaintiff alleges that she "fell due to the dangerous nature of a floor," and specifically a floormat in the produce section of the store. DE 6-1 at ¶ 7. There is no allegation

that Golden personally put the mat there, moved it, directed anyone else to place it where it was, or that he even had authority to do so. Golden has submitted a sworn declaration in which he states under penalty of perjury that the mat Plaintiff fell on was at the store before he became the store director, that he did not place or adjust it, that he does not have authority to dictate the store's safety procedures, and that instead he implements corporate policy that is given to him. DE 8-1. That makes Plaintiff's allegations functionally identical to those which the Indiana Supreme Court said a manager could not be liable as a matter of law. *Branscom II*, 165 N.E.3d at 985-88 ("[W]hen there are no allegations that a store manager controlled the premises where the harm occurred, he or she cannot be held liable under Indiana law."). While the Court will not construe Plaintiff's failure to file a reply to Defendant's opposition brief as a concession to Defendant's arguments, her silence further supports the futility of Plaintiff's proposed negligence claim against Golden.

With the futility of Plaintiff's proposed negligence claim against Golden in mind, the analysis as to whether to allow joinder of Golden to defeat diversity can be cursory. Again, the four factors considered are: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759.

While the Court does not know Plaintiff's true "motive," it seems evident the primary purpose of the proposed amendment is to get this case back into Indiana

Superior Court by defeating diversity jurisdiction. And because any recovery against Golden would likely be paid by his employer, Defendant Meijer, there is no significant prejudice to Plaintiff by refusing joinder. In her motion, she speculates that she may have to pursue Golden separately in state court proceedings which will amplify her litigation costs. DE 6 at ¶ 10. But given the clear futility of this claim, the Court finds it unlikely that any attorney would pursue a claim against Golden separately, even as a matter of economic sense. *See Branscomb*, 2020 WL 4501768, at *1 ("[C]orporate defendants are collectible regardless of the judgment amount, either through their corporate coffers or their insurers. Moreover, there is no imaginable legal scenario where only the individual defendant, acting in the scope of their employment, would be liable to the plaintiff while his employer skated."). And to the extent any equities are in play, they favor Defendant Meijer who, as a non-resident of Indiana, has the right to remove this lawsuit brought by an Indiana resident to federal court. That leaves the only factor in Plaintiff's favor to be her timeliness in that she filed her motion 19 days after Defendant removed this case. But timeliness alone does not overcome the other elements which all support denying Plaintiff's motion and keeping this case in federal court.

## Conclusion

For the reasons discussed, Plaintiff's Motion for Leave to Amend Complaint and To Remand [DE 6] is **DENIED**. The Court **DISMISSES** Defendants John Doe Store Manager and John Doe Store Employee from the case and the Clerk of Court is **DIRECTED** to terminate them as parties on the docket. The Court will set this

matter promptly for a Rule 16 Preliminary Pretrial Conference by separate order so that it may proceed in a "just, speedy, and inexpensive" fashion. Fed. R. Civ. Pro. 1.

So ORDERED this 8th day of September 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT